**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DWAYNE PROVIENCE,**

    **Plaintiff,**

                                              Case No. 10-11719
v.                                            Honorable Denise Page Hood

**CITY OF DETROIT and DAVID MOORE,**

    **Defendants.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Laurie J. Michelson's November 28, 2011 Report and Recommendation on Plaintiff's Motion to Strike Defendants' Answer and Affirmative Defenses and Enter Default for Discovery Abuse. Objections were filed by Defendants on December 12, 2011. Plaintiff responded to the Objections on December 22, 2011.

The standard of review by the district court when examining a Report and Recommendation on a dispositive motion is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health*

*and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins,* 7 Fed.Appx. 354, 356 (6th Cir. 2011)(citing *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995)). Without specific objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless" and "[t]he duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard,* 932 F.2d at 509.

Defendants' objections generally state that they "object to the magistrate's recommendation that an adverse instruction that the missing materials would have been favorable to the Plaintiff." (Obj., p. 2) As noted by the Magistrate Judge, Defendants' briefs did not address the spoilation issue, but apparently the issue was addressed during oral arguments. The Objections focus on the spoliation issue and whether the City is culpable for Plaintiff's injury. Plaintiff argues that Defendants' Objections are too vague to warrant review.

The Court finds that the Magistrate Judge allowed the parties to submit supplemental briefs and heard argument on the matter. The Magistrate Judge's well reasoned analysis and recommendation regarding spoliation of the evidence balanced both parties' position regarding the Defendants' failure to produce the evidence and Plaintiff's request for sanctions for such failure. The Court agrees with the Magistrate Judge's balanced approach and finding that sanctions are appropriate in this matter. Although Defendants argue that the files at issue do not contain exculpatory evidence, such an argument cannot be supported since there are no files to review. It may very well be that the files are relevant to the issues before the Court. The Court further agrees

with the Magistrate Judge's recommendation that if the homicide files are not located and produced prior to trial, the jury will be instructed that it is permitted, but not required, to infer that the contents of the homicide files would have been favorable to the Plaintiff. Defendants' Objections are overruled and denied. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's November 28, 2011 Report and Recommendation **[Doc. No. 94]** is ACCEPTED AND ADOPTED as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Motion to Strike Defendants' Answer and Affirmative Defenses and Enter Default for Discovery Abuse **[Doc. No. 49]** is DENIED, but if the homicide files are not located and produced prior to trial, the jury will be instructed that it is permitted, but not required, to infer that the contents of the homicide files would have been favorable to the Plaintiff.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager